UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS MICHAEL CONTRATTO,
By SHERRIE LEE CONTRATTO,
Next Friend,

       Petitioner,

v.                                     Case No. 26-cv-10656
                                          HON. MARK A. GOLDSMITH

WAYNE COUNTY SHERIFF,

       Respondent.
_____/

**OPINION & ORDER (i) SUMMARILY DISMISSING THE EMERGENCY PETITION FOR A WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241, (ii) DENYING AS MOOT THE EMERGENCY MOTION FOR EXPEDITED CONSIDERATION (Dkt. 2), (iii) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (iv) DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Before the Court is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. The petition was filed by Sherrie Lee Contratto on behalf of her son Thomas Michael Contratto, who, at the time that the petition was filed, was a pre-trial detainee incarcerated at the Wayne County Jail in Detroit, Michigan. The petition challenged Contratto's pending prosecution in the Wayne County Circuit Court for three counts of assault with intent to murder, Mich. Comp. Laws § 750.83, three counts of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, three counts of assault with a deadly weapon, Mich. Comp. Laws § 750.82, and nine counts of possession of a firearm in the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b. Contratto, however, pleaded guilty on March 18, 2026, and was sentenced on April 1, 2026. For the reasons stated below, the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is summarily dismissed.

1

# I. BACKGROUND

Contratto was charged with the above offenses on June 30, 2025, after an incident occurring at a home in Redford, Michigan where both Sherrie Lee Contratto and Thomas Michael Contratto reside. The petition alleges that Contratto is innocent of these charges because he acted in self-defense, claiming that the victim was the actual aggressor who had approached both Contrattos at their home in an aggressive manner threatening to "beat yo ass, shoot yo ass." Trial was scheduled for March 23, 2026.

The habeas application seeks pre-trial habeas relief on the following grounds: (i) the prosecution is based on perjured testimony of the victim which was coerced because the prosecutor is acting under a conflict of interest, (ii) the prosecution is invalid because the prosecutor who initiated the prosecution is acting under a conflict of interest in that he is both a prosecutor in Redford Township, Michigan, but also is a magistrate judge in the 51-1 District Court in Oakland County, (iii) Petitioner's bond of $ 1,000,000.00 is excessive, (iv) denial of due process in Contratto's state court prosecution, (v) Petitioner has been denied his right to a speedy trial because his trial is scheduled for nine months after his arrest, and (vi) ineffective assistance of trial counsel. On March 18, 2026, Petitioner pleaded guilty to one count of assault with a dangerous weapon and one count of felony-firearm, in exchange for dismissal of the other charges. Petitioner was sentenced on April 1, 2026, to three years' probation on the assault with a dangerous weapon conviction and two years in prison on the felony-firearm conviction.[1]

---

[1] The Court gleaned this information from the Wayne County Circuit Court's website and the Michigan Department of Corrections' Offender Tracking Information site. https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=4167954, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=979206.

## II. ANALYSIS

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. See Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. McFarland v. Scott, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. See Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." Allen v. Perini, 424 F.2d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. Id. at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. Id. District courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. See, e.g., Perez, 157 F. Supp. 2d at 796 (additional citations omitted).

The petition for a writ of habeas corpus must be dismissed for two reasons.

First, Ms. Contratto lacks standing to file a habeas petition on behalf of her son, because she failed to demonstrate that it is necessary for her to represent her son, Mr. Contratto, in federal court. An application for a writ of habeas corpus may be filed by one person on behalf of another. 28 U.S.C. § 2242 ("Application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). However, "next

3

friend" status will not be granted automatically. See Whitmore v. Arkansas, 495 U.S. 149, 163 (1990).  Two "firmly rooted prerequisites" must be satisfied before "next friend" status will be conferred. Id.  First, "a 'next friend' must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action." Id.  Secondly, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." Id.  Restrictions have been imposed upon whom may act as a "next friend" because "[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." Id. at 164.  Where a habeas petitioner seeks to proceed as the next friend of a state inmate, the burden is upon the petitioner to establish the propriety of his or her status to justify the court's jurisdiction. See Franklin v. Francis, 144 F.3d 429, 432 (6th Cir. 1998).

Ms. Contratto is not entitled to maintain a "next friend" action on behalf of Mr. Contratto, because she has failed to present evidence that her son is incompetent or incapable of bringing a habeas petition on his own behalf, nor has she presented evidence that she is truly dedicated to Mr. Contratto's interests. See Tate v. U.S.,72 F. App'x 265, 267 (6th Cir. 2003) (holding that federal prisoner's friend and mother did not satisfy the requirements to qualify for next friend status, and thus, lacked standing to seek habeas relief on his behalf, even if his mother was acting in his best interests, absent any assertion or showing that he was incompetent or otherwise incapable of pursuing the action on his own behalf, or any demonstration that they were truly dedicated to prisoner's best interests).

The only allegation made by Ms. Contratto to support her proceeding as her son's next friend is that he is incarcerated and lacks access to legal resources or a law library to prepare his habeas petition. (Dkt. No. 1, PageID.9, 58, 61).  These reasons are insufficient to allow Ms.

Contratto to act as "next friend" on her son's behalf.  "The fact that [Mr.  Contratto] is incarcerated, with limited or no access to legal materials, does not suffice to establish next friend status." Hall v. City of Detroit, No. 26-10023, 2026 WL 66889, at *2 (E.D. Mich. Jan. 8, 2026) (quoting Drane v. Streck, No. 3:24-cv-00202, 2024 WL 4227033, at *2 (S.D. Ohio Sept. 18, 2024), report and recommendation adopted, No. 3:24-cv-202, 2024 WL 4528937 (S.D. Ohio Oct. 18, 2024) (petitioner's daughter and friend not entitled to represent habeas petitioner as his next friend simply because he had no access to legal casebooks or case law, had limited legal knowledge, and his trial counsel had turned against him); see also Williamson v. Wakefield, No. 23-cv-P339, 2023 WL 7399128, at *2 (W.D. Ky. Oct. 3, 2023) ("Cox's main argument seems to be that Petitioner is inaccessible because he is incarcerated and 'has restricted access to legal documents.' However, the fact of incarceration itself is insufficient to show that a petitioner is inaccessible."); Pinkston v. Smith, No. 3:15cv786, 2015 WL 7289501, at *2 (S.D. Miss. Nov. 17, 2015) (assertions by brother of habeas petitioner that petitioner has been "blocked" from the law library and has had his "papers" stolen from him not enough to permit brother to proceed as "next friend").

Secondly, even if Ms. Contratto is able to proceed as her son's "next friend," Mr. Contratto is nonetheless not entitled to habeas relief, because any challenges to his pre-trial detention have been mooted by his conviction.

Section 2241 confers upon federal courts the jurisdiction to consider petitions for a writ of habeas corpus of state pretrial detainees. Atkins v. People of the State of Mich., 644 F.2d 543, 546 (6th Cir. 1981). However, a pretrial detainee's § 2241 petition becomes moot if the detainee is convicted of the state charges pending against him. See Murphy v. Hunt, 455 U.S. 478, 481-482 (1982) (per curiam) (a pretrial detainee's claim to pretrial bail becomes moot once convicted); see also Yohey v. Collins, 985 F.2d 222, 228-229 (5th Cir. 1993) (pretrial detainee's § 2241 petition

denied as moot after conviction); Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015) (habeas petitioner's challenge to his pre-trial confinement under a § 2241 habeas petition became moot when petitioner was convicted, even if petitioner was a pre-trial detainee at the time he filed his petition); Thorne v. Warden, Brooklyn House of Detention for Men, 479 F.2d 297, 299 (2d Cir.1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."); see also Stampone v. Lajoye-Young, No. 22-1464, 2022 WL 3651312, at *1 (6th Cir. Aug. 1, 2022). Since Mr. Contratto was convicted after this § 2241 habeas action was filed, any claims arising from his pretrial detention are moot. Mr. Contratto is not entitled to habeas relief under § 2241. See Covington v. Michigan, No. 25-10957, 2025 WL 1699544, at *2 (E.D. Mich. June 17, 2025).

The Court will summarily dismiss the petition with prejudice. In light of the fact that the petition is being dismissed, the motion to expedite the petition is now moot. See Burger v. Prelesnik, 826 F. Supp. 2d 997, 1016 (E.D. Mich. 2011).

### III. CONCLUSION

The Court summarily dismisses the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. 28 U.S.C. § 2253 governs appeals in habeas corpus proceedings. Whether a habeas petitioner's habeas corpus petition was brought under § 2254 or brought under § 2241, he must obtain a certificate of appealability before appealing this Court's denial of the habeas petition. See § 2253(c)(1)(A); Greene v. Tennessee Dep't of Corrections, 265 F.3d 369, 372 (6th Cir. 2001) (a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability to bring an appeal); Winburn v. Nagy, 956

F.3d 909, 912 (6th Cir. 2020) (pre-trial detainee who challenged pending state prosecution pursuant to § 2241 was required to obtain a certificate of appealability).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

For the reasons stated in this opinion, the Court will deny a certificate of appealability because Ms. Contratto failed to present evidence that her son is incompetent or incapable of bringing a habeas petition on his own behalf, nor did she present evidence that she is truly dedicated to Mr. Contratto's interests. Jurists of reason would not find debatable this Court's decision that Ms. Contratto lacks standing to bring a habeas petition on Mr. Contratto's behalf. See Carpenter v. King, No. 24-1587, 2024 WL 5319080 (6th Cir. Dec. 5, 2024).  The Court also denies a certificate of appealability because any request for pre-trial habeas relief is now moot. See, e.g., McKinney-Bey v. Hawk-Sawyer, 69 F. App'x 113 (4th Cir. 2003). The Court will also deny Contratto leave to appeal in forma pauperis, because the appeal would be frivolous. See Allen v. Stovall, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### IV.  ORDER

The Court will summarily dismiss as moot the petition for a writ of habeas corpus.  The Court denies as moot Contratto's motion to quash (Dkt. 2).  A certificate of appealability is denied. Contratto is denied leave to appeal in forma pauperis.

**SO ORDERED.**

Dated: July 1, 2026                                   s/Mark A. Goldsmith
Detroit, Michigan                                    MARK A. GOLDSMITH
                                                     United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 1, 2026.

                                                     s/Joseph Heacox
                                                     JOSEPH HEACOX
                                                     Case Manager